## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Derrek Steven Kates (44941-177),　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Petitioner,　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Case No. 21 C 50065
　　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Hon. Iain D. Johnston
Gonzalez,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Respondent.　　　　　)

### <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Derrek Steven Kates, a prisoner at USP Florence – High, brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2241 challenging his sentence for his 2013 guilty-plea conviction for conspiring to distribute methamphetamine from the Northern District of Texas. For the reasons stated below, this Court denies the petition.

## I.　　BACKGROUND

On October 31, 2012, Kates pled guilty in the Northern District of Texas to conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).[1] (CR Dkt. 40.) Because this was a "controlled substance offense" within the meaning of Section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.) and because Kates was over 18 years old at the time he committed the offense, he qualified for a sentencing enhancement under the "Career Offender" guideline because of his two prior Texas convictions for a crime of violence and a controlled substance offense.[2] (Dkt. 13-1, pg. 12); *see also* U.S.S.G. § 4B1.1 (Nov. 2012). According to Kates' Presentence Investigation Report

---

1 The Court denotes Kates' criminal case record, *United States v. Kates*, No. 4:12-CR-191-Y-1 (N.D. Tex.), with "CR," followed by the applicable docket item number.

2 The 2012 Sentencing Guidelines were used to determine Kates' offense level. *See* (Dkt. 13-1, pg. 11).

("PSR"), his two predicate offenses included aggravated assault causing serious bodily injury and possession with intent to deliver methamphetamine.[3] *Id.* at 12, 16-19. The career-offender designation did not raise Kates' adjusted offense level, but did raise his criminal history category from Level IV to Level VI. *Id.* at 12, 19. Based on Kates' adjusted offense level and criminal history category, his Sentencing Guidelines range was 360 months to life. *Id.* at 51. But because Kates' offense carried a statutory maximum sentence of 40 years, the applicable sentencing range was 360 to 480 months. *Id.*; *see also* 21 U.S.C. § 841(b)(1)(B).

Kates objected to the PSR's findings and moved for either a downward departure or a variance below the Sentencing Guidelines range. (Dkt. 13-1, pg. 33-37, 53, 55-58.) At the sentencing hearing, the Texas district court denied his motion for downward departure but granted his motion for a variance, finding:

> [T]he mechanical computation of the guideline offense levels and criminal history points, while correct and legally defensible, produces a sentence that is greater than necessary to achieve all of the purposes of [18 U.S.C. § 3553(a)].
>
> This is particularly true of the application of the career offender provisions, which, based on the two countable adult convictions that defendant has incurred, bump the defendant's criminal history category from IV to VI. This, combined with the relatively close calls as to organizer/leader, obstruction of justice, and possession of a firearm, militate towards a sentence approximately 60 months below the bottom of the guidelines range or about the sentence appropriate had the criminal history category been at a Level IV instead of a Level VI.

*Id.* at 123-24. In consideration of these factors, the Northern District of Texas imposed a below-Guidelines sentence of 300 months. *Id.* at 127-29.

The United States Court of Appeals for the Fifth Circuit rejected Kates' challenges to his sentence on direct appeal and affirmed. *United States v. Kates*, 582 Fed. App'x 496 (5th Cir. 2014).

---

3 Kates was also convicted under Texas law for possession with intent to deliver cocaine. (Dkt. 13-1, pg. 17.) This conviction arose from the same offense as his Texas drug conviction involving methamphetamine. *Id.* at 16-17.

The Supreme Court subsequently denied his petition for writ of certiorari. *Kates v. United States*, 575 U.S. 907 (2015).

Following completion of his direct appeal, Kates moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) in light of Amendment 782 to the Sentencing Guidelines, which retroactively reduced the offense level for most drug-trafficking crimes by two levels. (CR Dkt. 121); *see also United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020) (explaining the application and effect of Amendment 782). The Texas district court concluded that Amendment 782 did not lower Kates' Guidelines range given the quantity of drugs involved in the crime and the two-level increase for importation "that was accepted by the Court" but "erroneously omitted from [his] original total offense level." (CR Dkt. 127.) Kates was therefore not eligible for re-sentencing, and his § 3582(c) motion was denied. *Id.*; *see also* U.S.S.G. § 1B1.10(a)(2)(B) ("a reduction…is not authorized under 18 U.S.C. § 3582(c)(2) if…[a]n amendment…does not have the effect of lowering the defendant's applicable guideline range").

Kates then challenged his sentence via a counseled 28 U.S.C. § 2255 motion. (CR Dkt. 126, pg. 7.) Relying on the Supreme Court's decision in *Johnson v. United* States, 576 U.S. 591 (2015), which held that the residual clause under the Armed Career Criminal Act ("ACCA") was unconstitutionally vague, Kates argued he no longer qualified as a career offender absent the identically worded residual clause in the Guidelines' career-offender provision. *Id.* at 12; *see also* U.S.S.G. § 4B1.2(a)(2) (Nov. 2012). His motion was stayed pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017),[4] which addressed whether *Johnson*'s vagueness holding applied to the Guidelines' residual clause. *Id.* at 891-92. The Supreme Court answered this

---

4 *See Kates v. United States*, No. 4:16-CV-493-Y, Dkt. 6 (N.D. Tex. Aug. 3, 2016).

question in the negative, holding the advisory Sentencing Guidelines were not subject to vagueness challenges under the Due Process Clause and, therefore, U.S.S.G. § 4B1.2(a)'s residual clause was not void for vagueness. *Id.* at 895. Kates subsequently moved to voluntarily dismiss his § 2255 motion. *See Kates v. United States*, No. 4:16-CV-493-Y, Dkt. 8 (N.D. Tex. Apr. 27, 2017).

On June 22, 2017, Kates filed a second (in sequence only), counseled § 2255 motion, this time relying on the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016), and the Fifth Circuit's decisions in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) (holding delivery of a controlled substance under Texas law is not a "controlled substance offense" under the career-offender guideline), and *United States v. Tanksley*, 848 F.3d 347, *supplemented,* 854 F.3d 284 (5th Cir. 2017) (extending *Hinkle* to Texas convictions for possession with intent to deliver a controlled substance). (CR Dkt. 130-1, pg. 5-6.) Kates argued that, under *Mathis*, *Hinkle*, and *Tanksley*, he no longer had the requisite number of predicate felonies to qualify as a career offender because his Texas convictions for possession with intent to deliver were not "controlled substance offense[s]" within the meaning of the Guidelines. *Id.* at 5-7.

His motion, however, was filed more than a year after his judgment of conviction became final by direct review, i.e., by March 9, 2016. *See* § 2255(f)(1) (a one-year limitations period applies to federal prisoners' § 2255 motions, and the most common start date is when a conviction becomes final by direct review). The Texas district court concluded that *Mathis* was not a "newly recognized" right for purposes of § 2255(f)(3) and, therefore, did not restart the one-year statute of limitations. *See Kates v. United States*, No. 4:17-CV-505-Y, Dkt. 6, pg. 2-4 (N.D. Tex. Jan. 30, 2019); *see also* 28 U.S.C. § 2255(f). Accordingly, Kates' § 2255 motion was dismissed as untimely. *Kates*, No. 4:17-CV-505-Y, Dkt. 6, pg. 9-11.

4

## II.     KATES' 28 U.S.C. § 2241 PETITION

Having failed on direct appeal and collateral review, Kates now seeks to challenge his Guidelines career-offender designation by way of a § 2241 petition under § 2255(e)'s savings clause. His petition asserts several challenges to the application of U.S.S.G. § 4B1.1's career-offender enhancement in his case.

Kates argues that, under *Mathis*' categorical approach, his Guidelines career-offender designation is invalid and resulted in a fundamental sentencing defect. *Id.* at 7-8. He contends (1) his § 846 conspiracy offense of conviction does not "categorically" qualify as a "controlled substance offense" to trigger application of U.S.S.G. § 4B1.1, and (2) his prior Texas convictions for possession with intent to distribute a controlled substance offense do not constitute predicate felonies under the career-offender guideline. *Id.*; (Dkt. 7, pg. 1-2.) Kates asserts that without the career-offender enhancement, his criminal history category would be reduced to Level IV, he would be eligible for a 2-level reduction under Amendment 782 and, assuming he is once again granted a 60-month downward variance, his sentence could potentially be reduced to 175 months. (Dkt. 16, pg. 7-8.) He also argues that his challenges to the Guidelines' career-offender provision are cognizable in a § 2241 petition because application of U.S.S.G. § 4B1.1 remains mandatory post-Booker,[5] and the allegedly erroneous application of the enhancement in his case violated his right to due process. (Dkt. 3, pg. 1-7.)

For the following reasons, Kates cannot bring a § 2241 petition for habeas corpus relief because he cannot satisfy § 2255(e)'s savings clause to do so.

---

5 *See United States v. Booker*, 543 U.S. 220, 245 (2005) (holding the Sentencing Guidelines are not mandatory, but "effectively advisory," requiring sentencing courts "to consider Guidelines ranges," but permitting them "to tailor the sentence in light of other statutory concerns") (citing 18 U.S.C. § 3553(a)).

III.    ANALYSIS

Generally, federal prisoners who wish to collaterally attack their conviction or sentence "must do so under § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (citing *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014)). "Indeed '[i]n the great majority of cases,' § 2255 is 'the exclusive postconviction remedy for a federal prisoner.'" *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022) (quoting *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020)). Only where § 2255 "is inadequate or ineffective to test the legality of his detention," may a federal prisoner invoke the savings clause of § 2255(e) and pursue "traditional habeas review" under § 2241 in the district of incarceration.[6] *Franklin v. Keyes*, 30 F.4th 634, 642 (7th Cir. 2022) (citing § 2255(e)); *Chazen*, 938 F.3d at 856.

The savings clause exists as a recognition that, in some cases, § 2255 is "so configured as to deny a convicted defendant *any* opportunity for judicial rectification" or consideration of the possibility that someone was convicted of a nonexistent offense. *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original). In other words, "[t]o access § 2241, a prisoner must establish that a 'structural problem in § 2255 … foreclose[d] even one round of effective collateral review, unrelated to [his] own mistakes.'" *Franklin*, 30 F.4th at 642 (quoting *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016)); *see also Higgs v. Watson*, 984 F.3d 1235, 1239 (7th Cir. 2021) (to bring a § 2241 petition pursuant to § 2255(e)'s savings clause, "there must be some kind of structural problem with section 2255") (quoting *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)). Section 2255 will not be found inadequate or ineffective simply because the

---

6  The petition is properly before this Court as Kates was incarcerated in USP Thomson at the time of filing his petition. *See Webster v. Daniels*, 784 F.3d 1123, 1144 (7th Cir. 2015) (en banc) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004)). Kates' subsequent transfer from USP Thomson (he is presently in a Bureau of Prisons' facility in Colorado), does not deprive the Court of jurisdiction over this case. *In re Hall*, 988 F.3d 376, 378-79 (7th Cir. 2021).

petitioner "lost or would have lost under § 2255 on the merits or on a procedural ground." *Santiago v. Streeval*, 36 F.4th 700, 706 (7th Cir. 2022) (collecting cases).

The Seventh and Fifth Circuits' tests for when § 2255 is "inadequate" or "ineffective" differ slightly and as alluded to by Respondent, pursuing § 2241 relief under § 2255(e)'s savings clause raises complex procedural questions, including difficult choice of law issues. (Dkt. 14, pg. 4-5.) Kates was convicted in the Northern District of Texas, and the sentence that his § 2241 petition challenges was imposed by that court. However, "it is well established that if relief under § 2241 is available at all, it must be sought in the district of incarceration." *Chazen*, 938 F.3d at 860 (citation omitted). Thus, Kates could not present his § 2241 claims to the Northern District of Texas; rather, he was required to file his petition in this Court. But whether this Court should apply Seventh Circuit precedent (because his petition is pending here) or Fifth Circuit precedent (because he was convicted and sentenced there) in resolving Kates' claims is unclear, and the Seventh Circuit has not yet provided a definitive answer on this issue. *See Mangine*, 39 F.4th at 447 ("Nor must we resolve the difficult choice of law question that often arises in resolving savings clause cases.") (citing *Chazen*, 938 F.3d at 864-86 (Barrett, J., concurring)); *see also Guenther v. Marske*, 997 F.3d 735, 743 (7th Cir. 2021) ("No circuit has squarely addressed the choice-of-law question in these circumstances, but there are considerations pointing in both directions."). Regardless of whether Seventh Circuit or Fifth Circuit precedent applies, Kates cannot prevail. This Court will therefore address each Circuit's savings clause precedent in turn.

### A.      Kates Cannot Satisfy the Seventh Circuit's *Davenport* Test

Section 2255 imposes strict deadlines and limits federal prisoners to one motion per judgment unless they can demonstrate newly discovered evidence establishes their innocence or

can invoke a new, retroactive rule of constitutional law issued by the Supreme Court. *See* 28 U.S.C. § 2255(f), (h); *see also Mangine*, 39 F.4th at 447; *Santiago*, 36 F.4th at 705. Such limitations pose obstacles for prisoners who wish to challenge their conviction and sentence based on an "intervening Supreme Court statutory interpretation decision." *Mangine*, 39 F.4th at 447 (explaining such decisions fall outside the "ambit of § 2255(h)").

In light of this conundrum, the Seventh Circuit has adopted a three-part test, known as the "*Davenport* factors," to determine whether claims predicated on statutory-interpretation decisions can proceed under § 2255(e)'s savings clause.[7] *Mangine*, 39 F.4th at 447. Under the *Davenport* test, Kates must demonstrate that his claims: "(1) rel[y] on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive § 2255 motion; (2) [he] could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (citing *Davenport*, 147 F.3d at 611).[8]

---

7 Thus far, the Seventh Circuit has recognized two other scenarios beyond *Davenport* "illustrating the inadequacy or ineffectiveness of the relief otherwise available through § 2255." *See Higgs*, 984 F.3d at 1239 (citing *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001) (involving a claim based on an international tribunal's ruling issued after petitioner's first round of § 2255 relief); *Webster*,784 F.3d 1123 (involving a claim relying on new evidence that could show petitioner was categorically ineligible for the death penalty). Both parties agree that only *Davenport* is applicable to Kates' claims. (Dkt. 14, pg. 7 n. 4; Dkt. 16, pg. 2.)

8 The Government preserves a challenge to the Seventh Circuit's savings-clause approach in the Response, arguing that permitting federal inmates to bring retroactive, statutory claims subverts the original aims of § 2255 as enacted by Congress. (Dkt. 14, pg. 14-19.) The Government takes the position that § 2255 is "inadequate or ineffective" only when it cannot remedy a particular category of claims. *Id.* at 14 (citations omitted). The Supreme Court will hear argument on a circuit split regarding the availability of § 2255(e)'s savings clause to allow statutory interpretation claims to be raised under § 2241. *See Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021), *cert. granted*, No. 21-857, ——— U.S. ———, 142 S. Ct. 2706 (U.S. May 16, 2022). The Court need not hold the resolution of this case as Kates' claims are meritless regardless of the Supreme Court's resolution of *Jones*. *See Mangine*, 39 F.4th at 447.

### 1.    *Davenport*'s First and Second Requirements

Respondent concedes that *Mathis* is a statutory-interpretation case and Kates therefore satisfies *Davenport*'s first requirement. (Dkt. 14, pg. 8.) This concession is well-supported by Seventh Circuit authority. *See Franklin*, 30 F.4th at 643; *Guenther*, 997 F.3d at 742; *Chazen*, 938 F.3d at 862.

As for *Davenport*'s second prong, Kates was unable to pursue his claims in his § 2255 motion because the Texas district court concluded *Mathis* was not a "newly recognized right" for purposes of restarting the one-year statute of limitations under § 2255(f)(3). *See Kates*, No. 4:17-CV-505-Y, Dkt. 6, pg. 9-11. Before the Supreme Court's decision in *Mathis*, a Texas conviction for possession with intent to deliver a controlled substance qualified as a "controlled substance offense" under U.S.S.G. § 4B1.1. *See Tanksley*, 848 F.3d at 349-52 (overturning controlling law under *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007)). It thus appears "it 'would have been futile'" for Kates to raise his arguments in a § 2255 motion until after *Mathis* because Fifth Circuit precedent was "'squarely against him.[9]'" *Beason*, 926 F.3d at 936 (quoting *Webster*, 784 F.3d at 1136). And because of § 2255(f)'s time-bar, Kates could not bring his claim after *Mathis* was decided. *See* Kates, No. 4:17-CV-505-Y, Dkt. 6, pg. 2-4 (as previously noted, the Texas district court determined Kates' *Mathis* claim was untimely when he tried to raise it in a § 2255 motion);

---

9 As for his argument that his § 846 conspiracy conviction does not qualify as a predicate "controlled substance offense" because it does not require proof of an "overt act," the Seventh Circuit previously rejected this very claim, holding an "§ 846 conspiracy conviction is [] a valid predicate offense under § 4B1.1" and affirming the district court's application of the career offender enhancement. *United States v. Smith*, 989 F.3d 575, 586 (7th Cir.), *cert. denied*, 142 S. Ct. 488 (2021). The Fifth Circuit has rejected a similar "overt act" argument, holding an § 846 conspiracy conviction constitutes a "drug trafficking offense" and supports an enhancement under U.S.S.G. § 2L1.2. *See United States v. Rodriguez-Escareno*, 700 F.3d 751, 753-54 (5th Cir. 2012). Kates does not cite to any authority that would establish a departure from this precedent.

*see also Franklin*, 30 F.4th at 645 (holding saving-clause gateway available where *Mathis* did not trigger § 2255(f)(3)).

But whether Kates can satisfy the retroactivity-aspect of *Davenport*'s second prong poses a more difficult question, as the Seventh Circuit has not expressly decided whether *Mathis* created a retroactive rule. *Compare Chazen*, 938 F.3d at 862 ("We have likewise suggested (without deciding) that *Mathis* is retroactive."), *with Hanson v. United States*, 941 F.3d 874, 877 (7th Cir. 2019) (holding *Mathis* does not apply retroactively to cases on collateral review). But even if *Mathis* applies retroactively, Kates cannot satisfy the third prong of *Davenport*'s savings-clause test because the Seventh Circuit has made clear that the type of claim he raises does not constitute a miscarriage of justice.

### 2. *Davenport*'s Third Requirement

Kates' claims are predicated on his designation as a career offender under the advisory Guidelines. Without this sentencing enhancement, Kates argues his criminal history category would be reduced, so he could pursue § 3582(c) relief because he would be eligible for Amendment 782's 2-level reduction, and he could move for another downward variance based on other sentencing enhancements. (Dkt. 16, pg. 7-8.) But the Seventh Circuit has held "a misclassification as a career offender does not constitute a miscarriage of justice…under an advisory Guidelines system, even if the error affected a defendant's Guidelines range," so long as the sentence is within the applicable statutory limit.[10] *Mangine*, 39 F.4th at 448 (citing *Hawkins v. United States*, 706

---

10 Kates argues that, despite the Supreme Court's ruling in *Booker*, the career-offender guideline continues to require mandatory application. (Dkt. 3, pg. 1-5.) In support of this argument, he relies on a now-vacated Eleventh Circuit decision, which concluded the mandatory language of U.S.S.G. § 5G1.3(b) remained binding on courts post-*Booker*. *See United States v. Henry*, 968 F.3d 1276, 1286 (11th Cir. 2020), *opinion vacated and superseded on reh'g,* 1 F.4th 1315 (11th Cir. 2021). That opinion was superseded on rehearing by the appellate court's holding that U.S.S.G. § 5G1.3(b) is not mandatory, as such a suggestion is "foreclosed by Supreme Court and Eleventh Circuit precedent,"

F.3d 820, 823, *supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013)); *see also Hanson*, 941 F.3d at 878 (citing *United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014)); *Baker v. Williams*, No. 20-CV-772-NJR, 2020 WL 6701143, at *3 (S.D. Ill. Nov. 12, 2020). Nor can a miscarriage of justice be established where the sentencing challenge is dependent on a "two-step path to sentencing relief," such as Kates' Amendment-782 and downward-variance claims. *Mangine*, 39 F.4th at 449 ("Being excluded from this two-step path to relief—dependent as it is on predictions about the exercise of judicial discretion—is not a miscarriage of justice.")

Moreover, erroneous career-offender designations (even under the mandatory Guidelines) do not automatically amount to a miscarriage of justice, particularly when the error does not "manifest itself in an unlawful sentence." *See Mangine*, 39 F.4th at 448. Without the career-offender designation, Kates qualified for a Level IV criminal history category which, together with his offense level (which was unaffected by application of § 4B1.1), carried a

---

and just as "every other circuit court" has held, sentencing courts "must consider… § 5G1.3(b)(1)," but have discretion to decline its advice. *Henry*, 1 F.4th at 1326 (collecting cases).

*Henry* aside, there is no dispute that Kates was sentenced post-*Booker* under the advisory Guidelines system. *See Booker*, 543 U.S. at 245; *see also* (Dkt. 13-1, pg. 11) (applying the 2012 Guidelines Manual to determine Kates' sentencing range). Under the advisory Guidelines, "[§] 4B1.1…provides a benchmark that every judge must take into account." *United States v. Corner*, 598 F.3d 411, 415 (7th Cir. 2010) (en banc) (citing *Rita v. United States*, 551 U.S. 338, 351 (2007); *Gall v. United States*, 552 U.S. 38, 49 (2007)). "The need to consider this reference point does not imply that the sentence must be within the Guideline range." *Id.* at 415-16. Rather, "[b]ecause § 4B1.1 is just a Guideline, judges are [] free to disagree with it." *Id.* at 416. Simply put, U.S.S.G. § 4B1.1, like all the other guidelines, is only advisory, and Kates cannot mold his post-*Booker* case into a pre-*Booker* context to take advantage of precedent that he finds to be more favorable to his situation. *Compare Millis v. Segal*, 5 F.4th 830, 837 (7th Cir. 2021) ("[Section] 2241 petition remains a permissible vehicle for relief" for erroneous career-offender designation claims under the mandatory guidelines), *with Hawkins*, 706 F.3d at 823-25 (holding a challenge to the calculation of a prisoner's guidelines range under the advisory Guidelines cannot be raised on collateral review); *see also Baker v. Werlich*, No. 18-1172, 2021 WL 9439979, at *1 (7th Cir. Dec. 20, 2021) (holding petitioner sentenced "long after the guidelines became advisory" could not challenge Guideline career-offender designation in a § 2241 petition). The Fifth Circuit agrees with this sentiment. *See United States v. Smith*, 977 F.3d 431, 435 (5th Cir. 2020) ("In a post-*Booker* world, the Guidelines are merely advisory…And in part because Guidelines no longer carry the binding force of statutes, the Supreme Court recently rejected an effort to challenge the former in the same way prisoners challenge the latter.") (citing *Beckles*, 137 S. Ct. at 894-95),

Sentencing Guideline range of 292-365 months. U.S.S.G. Ch. 5 Pt. A (Nov. 2012). Kates was sentenced to a prison term at the lower end of this range—300 months. Not only is this sentence well below the statutorily authorized maximum of 40 years, but it is at the bottom of the range that would have applied without regard to § 4B1.1's career-offender provision. Thus, Kates' alleged errors with respect to his career-offender designation—even if true—do not constitute a miscarriage of justice. *See Mangine*, 39 F.4th at 448 ("an error that results only in 'a sentence that is well below the ceiling imposed by Congress whether directly or by delegation to the Sentencing Commission cannot be considered a miscarriage of justice that can be collaterally attacked just because the judge committed a mistake en route to imposing it'") (quoting *Hawkins*, at 824-25).

This Court acknowledges Kates' contention that, without the career-offender designation, his sentence might have been as little as 175 months. (Dkt. 16, pg. 7-8.) But this argument depends on the sentencing court exercising its discretion to grant a downward variance under § 3553(a) (like the court did at his original sentencing) and then to again not apply the two-level enhancement for importation "that was accepted by the Court" but "erroneously omitted from [his] original total offense level." (CR Dkt. 127.) But as discussed above, this line of reasoning is "too indirect to call…his present circumstances a miscarriage of justice." *See Mangine*, 39 F.4th at 449 ("[i]f we ordered resentencing, the judge could reimpose the identical sentence…the sentencing court could determine that the § 3553(a) factors militated against § 3582(c)(2) relief") (internal quotation marks and citations omitted). The prospect of further discretionary reductions is thus insufficient to establish a fundamental miscarriage of justice.

In sum, Kates cannot satisfy *Davenport*'s criteria to bring a § 2241 petition. Under the Seventh Circuit's standard for when a § 2241 petition may be filed via § 2255(e)'s savings clause,

this Court must dismiss his petition. *See Webster*, 784 F.3d at 1124 (failure to satisfy § 2255(e)'s savings clause results in dismissal of the case "at the threshold").

**B.** **Kates Cannot Satisfy the Fifth Circuit's *Reyes-Requena* Test**

Kates' claims do not fare any better in the Fifth Circuit. Under the Fifth Circuit's *Reyes-Requena* test, Kates must demonstrate the following criteria to satisfy § 2255(e)'s savings clause: "(1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decisions establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition." *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)). "'[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law.'" *Id.* (quoting *Reyes-Requena*, 243 F.3d at 903).

Here, too, Kates cannot establish the retroactivity of *Mathis*. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). Additionally, [b]ecause *Mathis* implicates the validity of a sentence enhancement, *Mathis* does not establish" that Kates "was convicted of a nonexistent offense." *Sharbutt v. Vasquez*, 749 F. App'x 307, 308 (5th Cir. 2019) (citing *Padilla v. United States*, 416 F.3d 424, 425-27 (5th Cir. 2005)). The Fifth Circuit has repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the requirements of § 2255(e)'s savings clause. *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241"); *Padilla*, 416 F.3d at 427 ("because…his

13

claims challenge only the validity of his sentence, [his] § 2241 petition does not fall within the savings clause of § 2255"). And for this reason, § 2241 claims that challenge a career-offender designation under the Guidelines, like Kates' § 2241 claim, have been consistently rejected by the Fifth Circuit. *See Terry v. Martin*, No. 20-60068, 2021 WL 6194361, at *1 (5th Cir. Dec. 30, 2021); *Medlock v. Johnson*, 802 F. App'x 160, 161 (5th Cir. 2020); *Smith v. Chapa*, 770 F. App'x 177, 178 (5th Cir. 2019). Accordingly, because Kates challenges only the validity of his sentence, Fifth Circuit law precludes his petition from proceeding further under § 2255(e).

For the reasons discussed above, Kates is not entitled to § 2241 habeas corpus relief. His petition is denied.

## IV. NOTICE OF APPEAL RIGHTS

Kates is advised that this is a final decision ending his case in this Court. If Kates wishes to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B). Kates need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Kates wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for

14

filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Because Kates is a federal prisoner and his § 2241 petition does not arise out of a state court proceeding, he need not obtain a certificate of appealability to appeal this Court's disposition of his claims. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000) (citing *Bush v. Pitzer*, 133 F.3d 455, 456 (7th Cir. 1997)); *see also* 28 U.S.C. § 2253(c)(1) (a certificate of appealability is required to appeal "(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255").

## V.     CONCLUSION

Kates' § 2241 petition (Dkt. 1.) is denied. Any other pending motions are denied as moot. The Clerk is instructed to enter a Rule 58 judgment in favor of Respondent and against Petitioner. Civil Case Terminated.

ENTERED:

Dated: October 11, 2022

IAIN D. JOHNSTON
United States District Judge

15